UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                                                 10CR459 (SJ) (RML)

      v.

                                                                                                                 <u>MEMORANDUM</u>
                                                                                                                 <u>AND ORDER</u>

LYUBOV GROYSMAN,

        DEFENDANT.
---------------------------------------------------X

A P P E A R A N C E S
LORETTA E. LYNCH
United States Attorney, EDNY
271 Cadman Plaza East
Brooklyn, New York 11201
By:    Daniel Brownell
Attorney for the United States

CERTAIN & ZILBERG, PLLC
909 Third Avenue, 28th Floor
New York, NY 10022
By:    Gary Certain
Attorney for Defendant

**JOHNSON, Senior District Judge:**

        On June 8, 2010, defendant Lyubov Groysman ("Defendant" or "Groysman") was charged in a two-count indictment with conspiracy to commit health care fraud and conspiracy to commit money laundering. In anticipation of trial, the government, on August 25, 2011, stated its intent to offer evidence of prior acts allegedly

1

committed by her in order to prove her knowledge of the alleged scheme and disprove a defense of mistake. Based on the submissions of the parties, and for the reasons stated below, the government's motion to admit this evidence is granted in part and denied in part.

## BACKGROUND

At the time of the acts alleged in the indictment, Groysman was employed at a durable medical equipment ("DME") company known as Leica Supply, Inc. ("Leica"), subsequently known as EGA Group, Inc. ("EGA"). In that capacity, she is alleged to have submitted fraudulent no-fault automobile claims for DME that inflated the prices and quantity of equipment that Lecia and/or EGA purchased. Groysman is further alleged to have used manufactured invoices to defend these claims when questioned by insurance companies. Additionally, the indictment also charges Leica and EGA with providing kickbacks to those clinics who supplied them with the prescriptions necessary to their obtaining reimbursement for qualified DME purchases. Finally, the indictment alleges a money laundering scheme whereby Groysman, in collusion with her co-defendants, paid wholesale DME suppliers with checks issued by Leica or EGA, which the wholesalers would cash at check-cashing stores, only to return the money to Leica or EGA, minus a 10% fee. These checks to wholesale DME suppliers, like the fraudulent invoices, served as "proof" of a legitimate claim, should one have become needed. It is alleged that between 2008 and 2010, EGA and Leica routed over

$500,000 to two DME suppliers in particular: Galasa Wholesale, Inc. and Delazoom, Inc.

This is not the first time that Groysman's professional conduct has been called into question. She was named as a defendant in an action brought in this district, styled State Farm Mutual Automobile Insurance Company v. Grafman, 04CV2609 (NG). There, she testified in her deposition that from approximately July 2000 until at least January 25, 2008, she was affiliated with Fair Price Medical Supply Corporation ("Fair Price"), a retail DME outfit alleged by State Farm to have engaged in a pattern of civil racketeering as defined by the Racketeering Influenced and Corrupt Organizations Act ("RICO").[1] The government seeks to admit portions of that testimony in order to demonstrate that she was a partner in Fair Price and regularly engaged in all matters pertaining to daily operation, including acquisition of prescriptions, invoices, and other billing-related particulars. The government has also made the related request to admit portions of the complaint in the State Farm litigation, arguing that Groysman's status as a Fair Price partner would, at a minimum, permit her access to the details of that litigation and the particular scheme alleged in that action, and at most would guarantee her knowledge of same. The government argues that the scheme alleged in the State Farm complaint is "essentially the same" as the one it charges her with committing in the instant action, and intends to argue that Groysman was already familiar with this specific type of scheme. Finally, the

---

[1] Both Groysman and Fair Price settled the State Farm matter.

government wishes to prove that Groysman did in fact engage in a fraud and money laundering scheme while employed at Fair Price. The government seeks to accomplish this by submitting various Fair Price invoices, claims forms, checks, and testimony from an alleged co-conspirator.

## DISCUSSION

All relevant evidence is generally admissible, unless excluded by federal law; and irrelevant evidence is inadmissible. FED. R. EVID. 402. Rule 401 defines "relevant evidence" as evidence "having any tendency to make the existence *of any fact that is a consequence to the determination of the action more probable or less probable* than it would be without the evidence." FED. R. EVID. 401 (emphasis added).

Additionally, evidence of uncharged criminal conduct may be relevant and admissible under Rule 404(b) for any purpose, other than to show a defendant's criminal propensity, including as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FED. R. EVID. 404(b). "Under the 'inclusionary' approach followed in this circuit, 'evidence of prior crimes, wrongs, or acts is admissible for any purpose other than to show a defendant's criminal propensity,' as long as it is 'relevant to some disputed issue in the trial' and satisfies the probative-prejudice balancing test of [Federal Rule of Evidence] 403." United States v. Brennan, 798 F.2d 581, 589 (2d Cir. 1986) (citing United States v. Harris,

4

733 F.2d 994, 1006 (2d Cir.1984); United States v. Figueroa, 618 F.2d 934, 939 (2d Cir.1980)). "A district court has broad discretion to admit evidence pursuant to Rule 404(b)," and its ruling will not be overturned on appeal absent an abuse of discretion. Id.

In this case, the government seeks to admit documentary evidence of the billing practices and history of Groysman's former employer in order to prove her knowledge of intent to defraud in her capacity with a subsequent employer. Put another way, the government seeks to establish that because invoices and claims were processed in a particular way at Fair Price, Groysman must have intended to process them in that same way while working for Leica and EGA. Even assuming the invoices and claims were processed identically in both alleged schemes, the government's position would amount to a separate trial to prove the earlier alleged scheme to have in fact been a scheme. Only then could a comparison be made between the two, and even then, there would first have to be testimony by Groysman that she didn't or couldn't understand the operation of the scheme alleged in this indictment. Moreover, the State Farm action was a civil case that did not result in a finding of liability as to either Fair Price or Groysman. As a result, the government's motion to admit "co-conspirator" or documentary evidence about Fair Price in its case-in-chief is denied without prejudice. See United States v. Hatfield, 685 F. Supp. 2d 320, 323 (E.D.N.Y. 2010) (Seybert, J.) (finding inadmissible alleged former scheme because "the alleged [former] scheme involved 'separate, discrete incidents of

alleged fraud or deceit,' not conduct that was 'inextricably intertwined' with the Indictment's charges or necessary to complete the Indictment's story.") (citing United States v. Ferguson, 246 F.R.D. 107, 115 (D.Conn.2007)); see also United States v. Garcia, 291 F.3d 127, 137 (2d Cir. 2002) (explaining that "the government may not invoke Rule 404(b) and proceed to offer, carte blanche, any prior act of the defendant in the same category of crime," without identifying "a similarity or connection between the two acts that makes the prior act relevant to establishing knowledge of the current act"); United States v. De Villio, 983 F.2d 1185, 1195 (2d Cir. 1993) (finding error in district court ruling permitting instrumentalities of burglary to be admitted where crimes charged involve the unlawful transport of stolen goods and vehicles). Also denied is the government's motion to admit portions of the Fair Price complaint, as a complaint is merely an accusation and not a prior act for 404(b) purposes.

On the other hand, Groysman's deposition is admissible as a party admission under Federal Rule 801(d)(2) to the extent that the testimony is relevant and seeks to impeach or contradict Groysman's testimony and/or to the extent she argues mistake or lack of knowledge. As to other possible uses of her prior testimony, the government's motion is denied without prejudice.

SO ORDERED.

Dated: December 8, 2011                  /s_____
      Brooklyn, New York           Sterling Johnson, Jr., U.S.D.J.