UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
UNITED STATES OF AMERICA,

        10CR459 (SJ) (RML)

     v.

<u>MEMORANDUM
AND ORDER</u>

VLADIMIR KHMELNITSKI and
LYUBOV GROYSMAN,

      DEFENDANTS.
--------------------------------------------------X
A P P E A R A N C E S
LORETTA E. LYNCH
United States Attorney, EDNY
271 Cadman Plaza East
Brooklyn, New York 11201
By:    Daniel Brownell
Attorney for the United States

LABE M. RICHMAN
305 Broadway, Suite 100
New York, NY 10007
By:    Gary Certain
Attorney for Defendant

**JOHNSON, Senior District Judge:**

On June 8, 2010, defendants Lyubov Groysman ("Groysman") and Vladimir Khmelnitski ("Khmelnitski"), along with ten others, were charged in a two-count indictment with conspiracy to commit health care fraud and conspiracy to commit money laundering. (Groysman and Khmelnitski will hereafter be

1

referred to as "Defendants.") Specifically, Groysman and Khmelnitski were employed by different durable medical equipment ("DME") companies involved in the submission of fraudulent no-fault automobile claims for various equipment.

Groysman was employed by Leica Supply, Inc. ("Leica"), subsequently known as EGA Group, Inc. ("EGA"). She is alleged to have submitted claims for DME that inflated the prices and quantity of equipment that Leica and/or EGA purchased and to have manufactured invoices to defend these claims. Leica and EGA are also alleged to have provided kickbacks to the clinics that provided prescriptions and to launder the proceeds through wholesale DME companies. Groysman's participation is alleged to have begun in late 2007, with claims being submitted beginning in early 2008, and checks being laundered as of April 2008.

Khmelnitksi's participation is similar to Groysman's – he is alleged to have established the DME company Pro-Vek Plus, Inc. ("Pro-Vek") in late 2008. Like Leica and EGA, Pro-Vek submitted no-fault claims to insurance companies listing inflated prices for DME supported by fictitious invoices. Also like Leica and EGA, Pro-Vek obtained the prescriptions from clinics in exchange for cash kickbacks, which cash was obtained by the issuance of checks to wholesale DME companies who cashed the checks at check cashing stores and returned the excess cash to Pro-Vek minus a fee. Khmelnitksi is alleged to have begun submitting these invoices in early 2009 up until his June 15, 2010 arrest.

Defendants are alleged to have operated with the assistance of four different wholesale DME companies. These four companies were run by two individuals (the "Partners") who, beginning in December 2009, began cooperating with the government and engaging in consensually recorded conversations with Defendants.

Defendant Khmelnitski moves to sever the action, arguing that the conspiracies charged against him and Groysman are distinct; that the evidence offered against the two is not admissible as to both Defendants; and that there was no conspiracy because the Partners were cooperators.

## DISCUSSION

Federal Rule of Criminal Procedure ("Rule") 8(b) permits the joinder of multiple defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "Accordingly, joinder of defendants and counts is proper where the criminal acts of two or more persons (1) arise out of a common plan or scheme or (2) are unified by some substantial identity of facts or participants." United States v. Reinhold, 994 F. Supp. 194, 197 (S.D.N.Y. 1998) (citing United States v. Lech, 161 F.R.D. 255, 256 (S.D.N.Y. 1995)). However, Rule 14 provides a defendant relief from joinder if "the joinder of offenses or

defendants . . . appears to prejudice a defendant or the government."  Fed. R. Crim.

P 14(a).  Reading these two rules together,

> The defendant seeking a severance must shoulder the difficult burden of
> showing that the prejudice to him from joinder is sufficiently severe to
> outweigh the judicial economy that would be realized by avoiding lengthy
> multiple trials.

United States v. Panza, 750 F.2d 1141, 1149 (2d Cir. 1984) (citation omitted); see

also United States v. Romero, 786 F. Supp. 1173, 1182 (S.D.N.Y. 1992) ("[A]

defendant must meet the 'heavy burden' of showing facts demonstrating that he or

she would be so prejudiced by the joinder that denial of a fair trial would result.").

In light of this standard, Khmelnitksi's arguments are without merit.  As an

initial matter, I reject the argument that Defendants did not conspire with the

Partners.  As stated, supra, Khmelnitski operated Pro-Vek beginning in late 2008,

and Groysman began working at Leica/EGA as early as late 2007.  Both

Khmelnitski and Groysman began filing the fraudulent claims well before the

Partners began cooperating with the government, and thus, a proper conspiracy has

been alleged.

As to the remaining arguments, the conspiracies charged against

Khmelnitski and Groysman are not distinct.  They operated through one of four

DME wholesalers and essentially operated according to the same script:  the

submission of claims that inflated the cost of medical equipment, the use of manufactured invoices to support these claims and the use of one of the entities established by the Partners to effect the laundering side of the business. That Khmelnitski and Groysman worked for separate retailers that did not necessarily have to interact to execute the scheme does not change the propriety of joinder, as the two were still part of a common plan or scheme. Reinhold, 994 F. Supp. at 199-200. To the extent some evidence will only relate to Groysman and some only to Khmelnitski, the outcome is the same, as "a defendant is not entitled to severance simply because some of the evidence relates only to his co-conspirators." United States v. Ramirez, 602 F. Supp. 783, 787 (S.D.N.Y. 1985); see also United States v. Gambino, 729 F. Supp. 954, 970 (S.D.N.Y. 1990) ("[C]o-conspirators should be tried together whenever feasible.")

Khmelniski's remaining argument-- that certain 404(b) evidence the government wished to admit against Groysman would result in spillover prejudice-- has been rendered moot by my December 8, 2011 denying that motion in substantial part and permitting only the party admission of Groysman's deposition. (See Docket No. 221.)

For the foregoing reasons, Khmelniski's motion to sever is denied. SO ORDERED.

Dated: February 10, 2012                _____/s_____
      Brooklyn, NY                    Sterling Johnson, Jr., U.S.D.C.