Honorable Sterling Johnson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

UNITED STATES OF AMERICA        **10-cr-459 (SJ)**

- against -

LYUBOV GROYSMAN

-------------------------------------------------------X

## DEFENDANT'S MOTION IN LIMINE RE: LIMITATION ON EVIDENCE TO BE INTRODUCED DURING THE GOVERNMENT'S CASE-IN-CHIEF

Defendant, Lyubov Groysman, by and through counsel, hereby moves *in limine* for a ruling regarding certain evidence that defendant anticipates that the Government may attempt to introduce during the course of the government's case.

## ARGUMENT

The Government should be precluded from offering any proof, including testimony, documentary, video, or audio regarding a certain transaction that the Government alleges to have occurred on March 13, 2010 within the office of EGA.

1

On or about June 29, 2010 the defendant made a Motion for a Bill of Particualrs. (Exhibit "A")(ECF #68) The Honorable USDJ Trager ordered the Government to furnish a Bill of Particulars within 21 days. Exhibit "B")(ECF #70) Although the Government never produced a formal Bill of Particulars, Mr. Brownell made a verbal representation to me that summary contained at the last two pages of his August 30, 2010 letter discovery exchange constitutes the Government's response to the Court's Order to produce a Bill of Particulars. (Exhibit "C")

With regard to the alleged transaction of March 18, 2010, the Government's Bill of Particulars states:

> "-(EGA) call log # 993, GROYSMAN is calling to tell that they are waiting for their invoices. Call log # 997, GROYSMAN advised to put the date February 19, 2010 on the invoice. At the location of EGA, an envelope (containing $12,460.00 usd and an invoice in the amount of $39,764.00) was handed to unknown female as GROYSMAN witnessed the transaction. The unknown female was told the envelope contained the invoice and the 'other thing.'"

The recently exchanged "DETAILS OF INVESTIGATION" report, which was received on February 6, 2012, and marked as "Government Exhibit 1K-4" for trial (Exhibit "D") provides the following summary of the same events:

> "At approximately 1356 hours, GROYSMAN entered EGA, located at 2317 Avenue X Brooklyn, NY 11235. S/A Ginzburg observed GROYSMAN walking into EGA with a manila envelope in his hand. At approximately 1359 hours, GROYSMAN exited EGA. According to GROYSMAN, an unidentified female and Lyubov GROYSMAN were present inside the store. Lyubov took the envelope from GROYSMAN who advised her that the envelope contained the invoice and the 'other thing'."

Respectfully, Government Informant Gregri Groysman has the same last name as the defendant, Lyubov Groysman. They are unrelated.

It is apparent that the March 18, 2010 events, as described in the Governments Bill of Particulars, where the Government Informant is alleged to have given the envelope to the unknown female and told her that it contains the invoice and the "other thing," directly contradicts the Government's own "DETAILS OF INVESTIGATION" report, where the Government Informant is alleged to have given the envelope to the defendant and told her that it contains the invoice and the "other thing."

The events that allegedly took place within EGA's office on that date are alleged to have been recorded on video surveillance exchanged by the Government. (Exhibit "E") Significantly, the Government's informant positioned the camera in such a way that all that can be seen is the ceiling during the entire alleged transaction. The alleged envelope, the defendant, and the unknown female are never pictured in the surveillance video.

Respectfully, the Government should be limited in their proof to that alleged in their Bill of Particulars. It now appears that the Government is planning to offer evidence at trial that is completely contradictory to their Bill of Particulars. As such, the Government should be precluded from presenting any evidence, whether testimony, documentary, video, or audio regarding the alleged March 18, 2010 translation that allegedly took place within the EGA office on that day.

In fact, the Government should be precluded from offering any proof of, relating to, or arising from any incidents, instances, conversations, or interactions that are not contained within the Government's Bill of Particulars of August 30, 2010.

One such potential situation involves an alleged conversation that Government Informant Gregri Groysman, together with Government Informant Vadim Yuzovitskiy, claims to have had

3

with "Lybov LNU," possibly to be alleged as the defendant herein, and "Grigoriy LNU," possibly to be alleged as co-defendant Grigoriy Branfenbrener herein, some unstated time two years prior to April 2, 2010, at which time the four of them are claimed to have "discussed their business arrangement." (Exhibit "F") The Memorandum of Interview that describes this alleged meeting, marked as "Government's Exhibit 3500-GG-8," was produced by the Government on Febraury 6, 2012. The document does not identify a date on which the alleged meeting took place, but only states that the meeting took place "approximately two years ago."

The presentation of any such proof at time of trial would be highly prejudicial to the defendant.

Respectfully, the Bill of Particulars is particularly important in enabling a defendant to identify, frame, and prepare her defense in a document intensive case such as this one, where the Government has produced nearly one hundred thousand pages of documentation and dozens of video and audio recordings. It certainly should not be enough for the Government to argue that some obscure document or recording delivered with the truck-load of others should have given the defendant notice of a particular alleged conversation, interaction, or event. As such, the Government should be precluded from offering any proof at time of trial which was not properly and conspicuously identified as demanded in defendant's Motion for Bill of Particulars.

Finally, there a numerous reports, memoranda, and charts that have been marked as trial exhibits by the Government containing statements and information of which the recording or testifying government agent have absolutely no personal knowledge. Respectfully, any such testimony should be precluded by this Court.

## CONCLUSION

For the reasons set forth above Defendant Lyubov Groysman respectful request that this Court grant the instant motion in its entirety.

Dated: New York, New York
    February 14, 2012

                                                  Respectfully submitted,

                                                  CERTAIN & ZILBERG, PLLC
                                                  By: Gary Certain (GC-7509)
                                                  Attorneys for the Defendant
                                                  LYUBOV GROYSMAN
                                                  909 Third Avenue, 28th Floor
                                                  New York, New York 10022
                                                  (212) 687-7800

TO:
DANIEL D. BROWNELL, ESQ.
Assistant U.S. Attorney
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
(718) 254-6392

(VIA ECF & EMAIL)